## Case No. 3,384.

### The CRENSHAW.

[Blatchf. Pr. Cas. 631.][1]

Circuit Court, S. D. New York. Nov. 18, 1861.

PRIZE—DISPOSITION OF CARGO PENDING APPEAL.

In this case the cargo of the prize vessel, consisting of tobacco, was suffering damage from exposure to the weather and from confinement in the hold of the vessel, and the price of the article had increased since the capture. The cargo having been condemned in the district court, the claimants, after appealing to this court, applied to this court for the delivery of the cargo to them on the usual stipulation. The court denied this application, but appointed commissioners to appraise the cargo, and ordered it to be sold and the proceeds to be brought into court.

NELSON, Circuit Justice. This is a motion on behalf of J. and J. K. Caskie, claimants of 180 hogsheads and 47 half-hogsheads of tobacco, on board of the schooner Crenshaw, lying at the wharf of the Union stores, in the city of Brooklyn, for an order for the delivery of the tobacco to the claimants,

---

[1] [Reported by Samuel Blatchford, Esq.]

upon their stipulation to account for the proceeds in the case of a decree against them on the final hearing, or for such other order or relief in the premises as the court may see fit to grant. The vessel and cargo were seized and libelled in the district court for an alleged attempt to violate the blockade of one of the ports of the state of Virginia. A decree was rendered in that court, condemning the vessel and part of the cargo, as lawful prize, including the tobacco in question [The Hiawatha, Case No. 6,451]; and the case is now pending in this court, on an appeal from that decree. The ground upon which this motion is placed is, that the tobacco is suffering damage and deterioration in value from exposure to the weather, and also from confinement in the hold of the vessel; and the claimants have been obliged to keep a person constantly employed, at their own expense, in guarding and taking care of it, so as to prevent, as far as possible, further injury and damage. The government, the captors, object to the delivery of the property to the claimants on stipulation, but do not deny that the facts set forth furnish proper ground for an interlocutory order of sale, the proceeds to be brought into the registry of the court, to abide the event of the suit. It further appears upon the papers upon which the motion is founded, that the price of the article has greatly increased since the capture, and that it would for the interest of all parties concerned that the same disposition should be made of it by which a sale can take place in the present market. As the property has been condemned as lawful prize, in the court below, the appellate court would not, except in extreme and very special cases, deliver it to the claimants upon the usual stipulation. It might be otherwise if the decree had been in their favor. But being against them, an enhanced interest exists, in the behalf of the captors, that the property the subject of the litigation, should be preserved with all reasonable security, to abide the result.

I therefore direct an order of sale to be entered, and appoint Morris Franklin and Frederick W. Welchman, Esquires, commissioners, to enter the vessel (now in the custody of the court, through its marshal) and examine and appraise the value of the 180 hogsheads and 47 half-hogsheads of tobacco, and order that, after such appraisal, a public sale of the same be made by the marshal, under the direction of the commissioners, and at such time and place as they shall direct, giving at least three days' notice of the sale, to be given in such papers as they shall designate, and that the proceeds of the sale be brought into this court, to be placed or invested by the clerk according to the directions of the court.

[NOTE. For subsequent proceedings relating to the condemnation of this vessel and her cargo, see note at the end of The Hiawatha, Case No. 6,451.]

CRENSHAW, The. See Cases Nos. 6,450–6,452.

CRENSHAW (BOTTS v.). See Case No. 1,690.

CREOLE, The (M'AFEE v.). See Case No. 8,655.

CREOLE, The (SMITH v.). See Cases Nos. 13,032 and 13,033.